IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
AUG 2 9 2006
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

RASHAWN LAMONT ALEXANDER,

 Petitioner,

v.           CIVIL ACTION NO. 1:06cv94
              (Judge Keeley)

WARDEN JOYCE FRANCIS,

 Respondent.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING §2241 PETITION

On June 12, 2006, the *pro se* petitioner, Rashawn Lamont Alexander ("Alexander"), filed an "Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241," arguing that his federal sentence violates his Fifth and Sixth Amendment rights. He also asserts that his sentence was improper under the Double Jeopardy Clause because it included a term of supervised release in addition to a term of imprisonment and that a supervised release was not a potential penalty for his criminal conviction.

On July 7, 2006, United States Magistrate Judge John S. Kaull issued a Report and Recommendation, recommending that the §2241 petition be dismissed with prejudice. The Magistrate Judge concluded that Alexander had failed to demonstrate that a motion to vacate under 28 U.S.C. §2255 would be an inadequate or ineffective remedy, and, therefore, had improperly filed his §2241 petition.

**ALEXANDER v. FRANCIS**                                              **1:06CV94**

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING §2241 PETITION

On July 18, 2006, Alexander filed timely objections to the Magistrate Judge's Report and Recommendation. Because Alexander has no credible objection to the Magistrate's Judge's recommendation, the Court **ADOPTS** the Report and Recommendation in its entirety and **DISMISSES WITH PREJUDICE** Alexander's Section 2241 petition.

28 U.S.C. §§2241 and 2255 permit a federal prisoner to challenge his detention, but offer relief for different types of alleged wrongs. Any motion filed pursuant to 28 U.S.C. §2241 must pertain to the execution of the petitioner's commitment or detention such as administration of his parole or computation of his sentence. In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). On the other hand, a motion filed pursuant to 28 U.S.C. §2255 must pertain to the imposition of a sentence in violation of the United States Constitution or federal law. Id.

A federal prisoner, however, may file a §2241 petition if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Section 2255 is only considered "inadequate and ineffective" when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
> (2) subsequent to the prisoner's direct appeal

> and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). The inability to bring a §2255 motion, however, does not render § 2255 "inadequate or ineffective."[1] In re Vial, 115 F. 3d at 1194 n.5

A review of Alexander's §2241 petition establishes that he does not raise any challenges that would traditionally be raised in a petition brought pursuant to §2241. Rather, Alexander asserts that his sentence is void as a result of the Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). He further asserts that his sentence violates the Double Jeopardy Clause because it includes a term of supervised release following his term of imprisonment. These types of challenges to the imposition of a sentence must be brought under §2255. In re Jones, 226 F.3d at 332-33. Furthermore, Alexander has failed to establish that a motion under §2255 is inadequate or ineffective under the Jones standard. Specifically, Alexander cannot meet the second prong of the Jones standard because he does not argue that the conduct of his offense

---

[1] A review of Alexander's underlying criminal case establishes that he has not filed a prior §2255 motion. However, any motion filed pursuant to 28 U.S.C. §2255 by Alexander at this date would most likely be barred as untimely.

is no longer criminal.

Alexander's objections primarily reassert his claims of constitutional error at sentencing. It appears that he generally objects to Magistrate Judge Kaull's recommendation that his petition should be dismissed. He asserts that United States Magistrate Judge James E. Seibert has reviewed similar §2241 petitions and concluded that summary dismissal was not warranted in three other cases. The facts of Johnson v. Francis, 2:06cv43, are distinguishable because the petitioner was convicted and sentenced in the District of Columbia Superior Court under the D.C. Criminal Code. Furthermore, Magistrate Judge Seibert recently entered Reports and Recommendations in Sanders v. Francis, 2:06cv51, and Jihad v. Francis, 2:06cv55, in which he concluded that the §2241 petitions were improperly filed and should be dismissed. Accordingly, Magistrate Judge Seibert's recent recommendations moot any objection by Alexander with respect to the merit of his petition. Thus, because Alexander has failed to demonstrate that a §2255 motion to vacate would be inadequate or ineffective, his current §2241 petition is improper and should be dismissed.

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **DISMISSES WITH PREJUDICE**

**ALEXANDER v. FRANCIS**                                    **1:06CV94**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING §2241 PETITION**

Alexander's §2241 petition and **ORDERS** the case stricken from its docket.

The Clerk is directed to mail a copy of this Order to the pro se petitioner via certified mail, return receipt requested.

DATED: August 29, 2006.

_Irene M. Keeley_
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE